UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE COOPER, | § |
| | § |
| Plaintiff, | § |
| VS. | § CIVIL NO. 2:13-CV-190 |
| | § |
| CAPT. JAMISON, *et al*, | § |
| | § |
| Defendants. | § |

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION

Plaintiff Joe Cooper is a Texas state prisoner and a "three-strikes" litigant as that term is defined in 28 U.S.C. § 1915(g), meaning that, while incarcerated or detained, he has brought on three or more prior occasions, actions that were dismissed as frivolous, malicious, or failed to state a claim upon which relief could be granted. As a consequence thereof, plaintiff has lost the privilege of proceeding *in forma pauperis* ("i.f.p."), unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

On June 17, 2013, plaintiff filed this civil rights action alleging that on January 23, 2013, certain McConnell Unit officers and officials filed a false disciplinary case against him in retaliation for his exercising his First Amendment right to file grievances. (D.E. 1 at 4). He seeks leave to proceed i.f.p. herein. (D.E. 2, 8). For the reasons stated herein, plaintiff's motion to proceed i.f.p. is denied and this case is dismissed without prejudice.

I.  **Three strikes rule.**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

II. **Plaintiff's litigation history.**

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Cooper v. Barber, Case No. 6:12-cv-777 (E.D. Tex., May 9, 2013) (dismissing claims for failure to state a claim and as frivolous); Cooper v. Barber, Case No. 2:12-cv-242 (S.D. Tex., May 13, 2013) (dismissing First Amendment denial of access to courts claims for failure to state a claim); and Cooper v. Phillips, Case No. 4:03cv1006 (N.D. Tex., Nov. 12, 2003) (dismissing denial of access to the courts claim for failure to state a claim).

III. **Discussion.**

Plaintiff has accumulated at least three strikes as a result of his previously filing frivolous lawsuits and/or appeals. As such, he has lost the privilege of proceeding i.f.p.,

and the instant motion to proceed i.f.p. must be denied unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

In the instant lawsuit, plaintiff does not allege or even suggest that he is in imminent danger of serious physical harm. He complains that on January 23, 2013, Officer R. Stamm failed to notify the roving officers that he had a lay-in for a medical appointment, and as a consequence thereof, plaintiff missed his medical appointment. (D.E. 1 at 4). Plaintiff told Officer Stamm that he was going to file a grievance about the failure to be taken to medical, and in turn, Officer Stamm called "a false I.C.S."[1] Captain Benavidez arrived at plaintiff's cell in response to Officer Stamm's call; however, because there was no emergency, Captain Benavidez instructed Officer Stamm to write a false disciplinary report against plaintiff as a cover-up. Plaintiff was given a disciplinary case, and at the disciplinary hearing, Captain Benavidez found him guilty. Considering plaintiff's allegations as true, he does not allege that he is any imminent danger of

---

[1] Plaintiff does not identify the meaning of the acronym.

physical harm. He is complaining only of a past, single incident where he was unjustly accused of a disciplinary infraction, and later found guilty of that charge. He does not suggest that he is being denied his medical appointments. The fact that a false disciplinary case was filed against him in January 2013 does not pose an imminent threat to his physical safety at this point in time. Thus, plaintiff's allegations do not fall within the exception to the three strikes rule because he has not alleged any facts establishing that he is under imminent danger of serious physical injury.

## IV. Conclusion.

Because of his abusive litigation history, plaintiff has lost the privilege of proceeding i.f.p., and, in the instant action, he has failed to allege that he is in imminent danger of serious physical harm, such that the imminent danger exception is not available. Accordingly, plaintiff's application to proceed i.f.p. (D.E. 2, 8) is denied, and this case is dismissed without prejudice. Plaintiff is advised that he may move to reinstate this action within sixty (60) days from the date of entry of this Order, but only if he pays the full $400.00 civil filing fee at the time he moves to reinstate.

SIGNED and ENTERED this 18th day of July, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE