UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE COOPER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:13-CV-190 |
| § | |
| CAPT. JAMISON, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

### Background

On June 17, 2013, plaintiff filed a § 1983 lawsuit against several officials at the McConnell Unit in Beeville, Texas (D.E. 1). The complaint was incomplete, and during a conference call held August 28, 2013, Plaintiff was instructed to file a supplemental complaint within 45 days, and if he needed more time, he was instructed to file a motion for extension of time. More than two months passed, and Plaintiff failed to comply. On November 7, 2013, Plaintiff was ordered to show cause, within thirty (30) days why his lawsuit should not be dismissed for failure to prosecute ( D.E. 20). FED. R. CIV. P. 41(b). Plaintiff acknowledged receipt of the order to show cause November 13, 2013 (D.E. 21), but to date has not complied. He was warned in the show cause order that failure to timely comply could result in dismissal of his complaint for want or prosecution (D.E. 21). Plaintiff appears to have abandoned his complaint.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute. *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)). If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here plaintiff failed to comply with the court's order to file an amended complaint and failed to comply with the show cause order. The court cannot move forward on the merits of the complaint without additional information. 28 U.S.C. § 1915A. Dismissal is the only sanction appropriate in this case.

## RECOMMENDATION

Accordingly, it is respectfully recommenced that plaintiff's complaint be dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

Respectfully submitted this 19th day of December, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).